UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NASROLLAH GASHTILI, an individual; INTEGRATED DYNAMIC SOLUTIONS, INC., a California corporation;<br><br>Plaintiffs,<br>v.<br><br>JB CARTER PROPERTIES II, LLC, a Nevada limited liability company; BARTUS CARTER, an individual; FASTRAN, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No. 2:12-cv-00815-MMD-PAL<br><br>ORDER<br><br>(Plf.'s Motion for Atty Fees and Costs – dkt. no. 44) |

**I.  SUMMARY**

Before the Court is Plaintiff Nasrollah Gashtili and Integrated Dynamic Solutions, Inc.'s (collectively "IDS") Motion for Attorneys' Fees and Memorandum of Costs (dkt. no. 44). The Court has also considered Defendants' opposition and IDS' reply. For the reasons discussed below, the motion is denied without prejudice.

**II.  DISCUSSION**

This case arises out of alleged copyright infringement. The background facts of this case are recounted in significant detail in the Court's prior Order. (Dkt. no. 42.) The facts relevant to the instant motion are recounted below.

On April 23, 2013, the Court granted judgment in favor of IDS and against Defendants, dismissing Defendants' counterclaims and Complaint with prejudice. IDS brought the instant motion seeking costs and attorneys' fees under the Copyright Act.

IDS submitted detailed billing statements *in camera* to support its fees application. Defendants opposed the motion arguing, in part, that the fee application fails to comply with Local Rule 54-16(e) because Defendants had not received a reasonable itemization and description of the work performed. IDS replied arguing the Court should allow an *in camera* review because "the parties are currently engaged in contentions (sic) state court litigation" and "it is especially necessary to avoid sharing privileged information and case strategy with opposing counsel through disclosure of detailed invoices." IDS cites *Clarke v. Am. Comm. Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992), for the proposition that the Court may prohibit disclosure of the invoices because of attorney-client privilege. IDS supplied a "table of total hours billed and total amounts billed broken down for every [law firm] attorney and staff member working on the IDS federal copyright matter."

"A district court may conduct an in camera inspection of alleged confidential communications to determine whether the attorney-client privilege applies." *Clarke*, 974 F.2d at 129. However, blanket assertions of the privilege are "extremely disfavored," and ordinarily the party asserting the privilege must "particularize its assertion of the privilege" with respect to each specific document. *See id.* A district court may require "individual explanations justifying the assertion of privilege." *Id.*

Here, IDS offers a blanket assertion of attorney-client privilege and offers a conclusory statement that the privilege applies only in passing. IDS does not particularize or explain why anything in the billing statements reveals specific research or litigation strategy which would be entitled to protection from disclosure. Therefore, IDS has not carried its burden to show why the billing statements are privileged or why the Court should not require IDS to produce the same to Defendants to allow Defendants to oppose the motion. Accordingly, the motion is denied without prejudice. IDS must either carry its burden to show the billing statements are privileged and protected from disclosure or produce the same to opposing counsel for its opposition, if any.

///

///

## III. CONCLUSION

It is therefore ordered that Plaintiffs' Motion for Attorneys' Fees and Memorandum of Costs (dkt. no. 44) is denied without prejudice.

DATED THIS 30th day of October 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE