UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NASROLLAH GASHTILI, an individual; INTEGRATED DYNAMIC SOLUTIONS, INC., a California corporation;<br><br>Plaintiffs,<br>v.<br><br>JB CARTER PROPERTIES II, LLC, a Nevada limited liability company; BARTUS CARTER, an individual; FASTRAN, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No. 2:12-cv-00815-MMD-PAL<br><br>ORDER<br><br>(Renewed Motion for Atty Fees and Costs – dkt. no. 53) |

**I.  SUMMARY**

Before the Court is Defendant Nasrollah Gashtili and Integrated Dynamic Solutions, Inc.'s (collectively "IDS") Motion for Attorneys' Fees and Memorandum of Costs (Dkt. no. 53.)  The Court has also considered Plaintiffs' opposition and IDS' reply. The Court finds IDS is entitled to fees, but the Court cannot determine the amount of the fees to which IDS is entitled. For those reasons, the motion is granted in part, and denied in part without prejudice.

**II.  BACKGROUND**

This case arises out of alleged copyright infringement. The background facts of this case are recounted in significant detail in the Court's prior Order. (Dkt. no. 42.) The facts relevant to the instant motion are recounted below.

On April 23, 2013, the Court granted judgment in favor of IDS and against Plaintiffs, dismissing Plaintiffs' claims with prejudice. IDS brought a motion seeking costs and attorneys' fees under the Copyright Act. IDS submitted detailed billing statements *in camera* to support its fees application. The Court denied the motion without prejudice ordering IDS to show why the billing statements were privileged and protected from disclosure or produce the billing statements to opposing counsel for its opposition. Having now produced the billing statements, IDS brings this renewed motion. Plaintiffs oppose the motion arguing (1) IDS is not the prevailing party under Nevada law because the Nevada law claims were dismissed, (2) IDS is not the prevailing party under copyright law because its success was based on a "technicality," (3) the Court should decline to award fees because the non-exclusive factors weigh against an award, and (4) the fees claimed are not reasonable.

## III. DISCUSSION

A court must "apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Comm., Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999). Federal copyright law expressly authorizes a Court to award of fees and costs, within its discretion, to the prevailing party. 17 U.S.C. § 505. In this case, federal copyright law governs the award of attorneys' fees and costs.

In determining whether to award fees to the prevailing party under the Copyright Act, the Court may consider several non-exclusive factors such as the degree of success obtained, "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (*citing* references omitted). "A successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit does." *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, No. 12-56331, 2014 WL 69000 (9th Cir. Jan. 9, 2014).

Initially, the Court rejects Plaintiffs' first argument that IDS is not the prevailing party under Nevada law because Plaintiffs' state law claims were dismissed. The pendent state law claims are of no consequence to this motion because the Court declined to exercise jurisdiction over those claims and those claims were not litigated before this Court. What was litigated was the copyright claim, on which IDS prevailed. Moreover, this case would have never come before this Court were it not for the disputed copyright. Thus, in identifying the prevailing party, the Court is not concerned with the dismissed state law claims.

The Court also rejects Plaintiffs' second argument that IDS is not the prevailing party under federal copyright law because its success was based on a "technicality." Not only is Plaintiffs' characterization of IDS' success as the result of a mere technicality incorrect, but the argument ignores the fact that success on a technicality is still success. Thus, IDS is entitled to prevailing party status under federal copyright law.

Moving to the non-exclusive factors to determine whether to award fees to IDS, the Court finds the factors weigh heavily in favor of awarding fees. First, IDS obtained complete success on the federal copyright claim. Second, Plaintiffs' copyright claims bordered on frivolous and were not objectively reasonable because it was clear from the outset of this litigation that Plaintiffs' case was fatally flawed. Not only did Plaintiffs have no standing to bring this action, but more importantly, Plaintiffs were not the copyright owner based on the most basic principles of copyright law. (*See* dkt. nos. 42 and 43 discussing Plaintiffs' lack of standing and inability to demonstrate written transfer of copyright ownership). As to the factor of motivation, Plaintiffs argue that there was no improper motive because the "instant lawsuit had everything to do with determining the actual owner of the copyright asset." (Dkt. no 54 at 22.) However, from the outset of this litigation, Plaintiffs knew they could not have been the actual owner of the copyright asset because the copyright had not been legally transferred in writing. Moreover, Plaintiffs' "work for hire" factual account was impossible based on the timeline of events. The evidence thus suggests Plaintiffs' motives were less than noble. Nonetheless, as

definitive proof of Plaintiffs' motives is lacking, the Court finds this factor is neutral. Last, IDS' successful defense furthers the purposes of the Copyright Act, and this factor weighs in favor of an award of fees. Having considered the non-exclusive factors, the Court finds fees in favor of IDS are warranted.

### A.   Attorney's Fees

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The Court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Next, the court decides whether to adjust the lodestar calculation based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit set forth in *Kerr* are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). Further, the sixth factor, whether the fee is fixed or contingent, *may not* be considered in the lodestar calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Finally, only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted). *See also Fischer*, 214

4

F.3d at 1119 n. 4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

### 1. Reasonable Hourly Rate

Courts consider the experience, skill, and reputation of the attorney requesting fees when determining the reasonableness of an hourly rate. *Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *See id.*; *see also Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). To inform and assist the court in the exercise of its discretion, "[t]he party seeking an award of fees should submit evidence supporting the . . . rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

IDS requests reimbursement of fees from $130 - $520 per hour. IDS offers an affidavit swearing to the reasonableness of the fees and that the fees are comparable to the Las Vegas legal market. Unfortunately, IDS does not delineate the experience, skill, and reputation of the lawyers and paralegals for the Court to determine whether the rate is reasonable. For example, the Court can only assume that Rob L. Phillips is a partner based on his hourly rate of $520.00, that Tyler R. Andrews and Peter H. Ajemian are a high level associates based on their hourly rates of $345.00, that Colin Seale and Sara J. Haro are a low-level associates or law clerks based on their hourly rate of $210.00, and that Chris L. Lengemann and Rae A. Chavez are perhaps paralegals or law clerks based on their hourly rate of $130.00 and $165.00, respectively. It would be improper for the Court to make any of these assumptions, and IDS has failed to submit evidence supporting the rates claimed. Therefore, as the Court cannot determine whether the hourly rates sought are reasonable, the Court cannot award IDS fees at this time.

### 2. Reasonable Hours Expended

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433;

*see also Jordan*, 815 F.2d at 1263. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Hensley*, 461 U.S. at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

Plaintiffs object to the number of hours claimed arguing the hours do not exclusively correspond to the claims in this case, but rather overlap with the parallel state court proceedings. IDS responds by withdrawing their request for the fees to which Plaintiffs have specifically objected. The Court finds that any renewed motion filed by IDS should remove the fees IDS has conceded to withdraw.

### 3. Lodestar Calculation and *Kerr* Factors

As the Court cannot determine the reasonableness of the fee, the Court cannot determine the lodestar. Nor can the Court adjust the lodestar based on the Kerr factors.

### B. Costs

IDS seeks $373.50 in costs. Plaintiffs object to the costs as they relate to the parallel state court case. The Court has reviewed the entries and considered Plaintiffs' objections. The Court finds any overlap in the research costs was minimal and the research overwhelmingly relates to the federal copyright claim. The Court finds these costs to be reasonable and reimbursable.

### IV. CONCLUSION

It is therefore ordered that IDS' Motion for Attorneys' Fees and Memorandum of Costs (dkt. no. 53.) is granted in part, and denied in part without prejudice. The Court finds that Defendants are the prevailing parties and entitled to reasonable attorneys' fees, but cannot determine based on the records presented whether the attorneys' fees requested are reasonable. The Court grants Defendants' request for costs in the amount

of $373.50. Defendants are granted leave to file a renewed motion for attorneys' fees to cure the deficiencies identified in this Order but must do so within fifteen (15) days.

DATED THIS 24th day of January 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE