UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NASROLLAH GASHTILI, an individual; INTEGRATED DYNAMIC SOLUTIONS, INC., a California corporation;<br><br>Plaintiffs,<br>v.<br><br>JB CARTER PROPERTIES II, LLC, a Nevada limited liability company; BARTUS CARTER, an individual; FASTRAN, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No. 2:12-cv-00815-MMD-PAL<br><br>ORDER<br><br>(Second Renewed Motion for Atty Fees and Costs – dkt. no. 57) |

I.  **SUMMARY**

Before the Court is Defendant Nasrollah Gashtili and Integrated Dynamic Solutions, Inc.'s (collectively "IDS") Motion for Attorneys' Fees and Memorandum of Costs (dkt. no. 57.)  The Court has also considered Plaintiffs' opposition and IDS' reply. For the reasons set forth below, IDS is entitled to $53,238.50 in attorneys' fees.

II.  **BACKGROUND**

This case arises out of alleged copyright infringement. The background facts of this case are recounted in significant detail in the Court's prior Order. (Dkt. no. 42.) The facts relevant to the instant motion are recounted below.

On April 23, 2013, the Court granted judgment in favor of IDS and against Plaintiffs, dismissing Plaintiffs' claims with prejudice. IDS brought a motion seeking costs and attorneys' fees under the Copyright Act. The Court found that Defendants were the

prevailing parties and entitled to reasonable attorneys' fees, but could not determine, based on the records presented, whether the attorneys' fees requested were reasonable. The Court granted Defendants' request for costs in the amount of $373.50. Defendants now bring this renewed motion for attorneys' fees curing the deficiencies identified in this Court's prior Order.

## III. DISCUSSION

### A. Attorney's Fees

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The Court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Next, the court decides whether to adjust the lodestar calculation based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild*, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit set forth in *Kerr* are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). Further, the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Finally, only in "rare and exceptional

cases" should a court adjust the lodestar figure. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted). See also *Fischer*, 214 F.3d at 1119 n. 4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

### 1. Reasonable Hourly Rate

Courts consider the experience, skill, and reputation of the attorney requesting fees when determining the reasonableness of an hourly rate. *Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." See *id.*; see also *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). To inform and assist the court in the exercise of its discretion, "[t]he party seeking an award of fees should submit evidence supporting the . . . rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); see also *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

IDS requests reimbursement of fees averaging at $525.70/hour for shareholders, $338.84/hour for of counsel attorneys, $345-$425/hour for senior level associates, $341.67/hour for middle level associates, $290/hour for junior level associates, $210/hour for law clerks, $210/hour for paralegals, $165/hour for legal assistants, and $130/hour for docketing staff. Considering the experience, skill, and reputation of the attorneys requesting fees and the prevailing market rates in the forum, the Court finds $475/hour for shareholders, $350/hour for of counsel attorneys, $345-375/hour for senior level associates, $325/hour for middle level associates, $275/hour for junior level associates, $175/hour for law clerks, $100/hour for paralegals, $0/hour for legal assistants, and $0/hour for docketing staff, to be reasonable. Thus, the Court adjusts the requested amounts accordingly.

### 2. Reasonable Hours Expended

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433;

3

*see also Jordan*, 815 F.2d at 1263. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Hensley*, 461 U.S. at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

The Court has reviewed IDS's submitted itemized billing and denies those fees that are traditionally secretarial-type services, such as docketing, those of law clerks attending hearings with attorneys, and fees associated with the person whose initials are "CLN" as the Court cannot determine who that person is or their level of experience. Thus, the time reasonably spent is:

Shareholder Rob Philips – 37.5 hours
Of Counsel F. Chris Austin – 7.75 hours
Senior Level Associate Laraine Burrell – 11.6 hours
Senior Level Associate Tyler Andrews – 43.8 hours
Senior Level Associate Peter Ajemian – 22.1 hours
Middle Level Associate Savera Sandhu-Smith – 4.5 hours
Junior Level Associate Bethany Rabe – 2.8 hours
Law Clerk Collin Seale – 12.3 hours
Paralegal Megan Sheffield - 0.7 hours
Paralegal Sara Haro – 7.35 hours
Legal Assistant Rae Ann Chavez – 0.0 hours
Docketing Clerk Chris Lengemann – 0.0 hours

///
///
///

### 3. Lodestar Calculation and *Kerr* Factors

Calculating the reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate," the Court determines the following as the lodestar calculation:

| | |
|---|---|
| Shareholder Rob Philips – 37.5 hours x $475.00 | = $17,812.50 |
| Of Counsel F. Chris Austin – 7.75 hours x $350.00 | = $2,712.50 |
| Senior Associate Laraine Burrell – 11.6 hours x $375.00 | = $4,350.00 |
| Senior Associate Tyler Andrews – 43.8 hours x $355.00 | = $15,549.00 |
| Senior Associate Peter Ajemian – 22.1 hours x $345.00 | = $7,624.50 |
| Mid-Associate Savera Sandhu-Smith – 4.5 hours x $325.00 | = $1,462.50 |
| Junior Associate Bethany Rabe – 2.8 hours x $275.00 | = $770.00 |
| Law Clerk Collin Seale – 12.3 hours x $175.00 | = $2,152.50 |
| Paralegal Megan Sheffield - 0.7 hours x $100.00 | = $70.00 |
| Paralegal Sara Haro – 7.35 hours x $100.00 | = $735.00 |
| Legal Assistant Rae Ann Chavez – 0.0 hours x $0 | = $0.00 |
| Docketing Clerk Chris Lengemann – 0.0 hours x $0 | = $0.00 |
| Total Reasonable Fee | = $53,238.50 |

This Court's independent review of the provided documentation does not support any adjustment based on the *Kerr* factors. Thus, the Court declines to adjust the lodestar in this case.

### IV. CONCLUSION

It is therefore ordered that IDS' Motion for Attorneys' Fees and Memorandum of Costs (dkt. no. 57) is granted. The Clerk of the Court is directed to enter judgment in favor of Plaintiffs and against Defendants in the amount of $53,238.50 for attorneys' fees. The Clerk is directed to close this case.

DATED THIS 12th day of May 2014.



MIRANDA M. DU
UNITED STATES DISTRICT JUDGE